NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA SISCO,

                   Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL,

                   Defendant-Appellee.

No.    17-35359

D.C. No. 3:16-cv-05350-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 6, 2019[**]

Before:    FARRIS, LEAVY, and TROTT, Circuit Judges.

       Linda Sisco appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012), and we affirm.

The Administrative Law Judge (ALJ) provided clear and convincing reasons to discredit Sisco's testimony as to her functional limitations, including inconsistency with her work history and failure to comply with treatment recommendations. *See Molina*, 674 F.3d at 1112 (concluding that an inadequately explained failure to follow treatment advice is a clear and convincing reason to discredit claimant testimony); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (explaining that inconsistency with work history is a proper reason to discredit claimant testimony). By failing to raise the issue before the district court, Sisco waived any challenge to the ALJ's conclusion that Sisco's range of daily activities was inconsistent with Sisco's testimony as to her functional limitations. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (holding that a claimant waives an issue by failing to raise it before the district court). Any error in relying on additional reasons to discredit Sisco's testimony was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (concluding that error in relying on improper reasons to discredit claimant testimony was harmless where remaining reasons are supported by substantial evidence).

The ALJ properly rejected Dr. Teveliet's opinions based on specific and legitimate reasons, including inconsistency with his own treatment notes, inconsistency with the medical record, and inconsistency with Sisco's activities.

17-35359

*See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (requiring specific and legitimate reasons to reject the contradicted opinion of a treating physician); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (conflict with claimant's activities is a proper reason to reject a medical opinion); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (conflict with treatment notes is a specific and legitimate reason to reject a medical opinion). We find no error in the ALJ's reasoning and determination that Sisco's daily activities, which he lists, "reduce the credibility of [her] allegations."

The ALJ provided clear and convincing reasons to reject Dr. Neims's uncontradicted opinion. *See Trevizo*, 871 F.3d at 675. The ALJ properly rejected Dr. Neims's opinion as to marked limitations in social interaction and adaptation because the limitations were unsupported by Dr. Neims's own clinical observations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that inconsistency with a doctor's own clinical observations is a clear and convincing reason to reject a medical opinion). The ALJ properly rejected Dr. Neims's opinion as to Sisco's Global Assessment Function (GAF) score because this score was partially based on non-disability related factors such as unemployment. *See Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014). The ALJ properly incorporated Dr. Neims's opinion as to mild mental health limitations into the Residual Functional Capacity (RFC). *See Turner v. Comm'r,*

3                                                    17-35359

*Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (explaining that the ALJ is not required to reject an opinion when the ALJ reasonably incorporates it into the RFC). Any error in relying on additional reasons to reject Dr. Neims's opinion as to marked limitations was harmless. *See Molina*, 674 F.3d at 1115.

The ALJ properly rejected Mr. Sisco's lay testimony based on inconsistency with the medical record. *See Bayliss*, 427 F.3d at 1218 (inconsistency with medical evidence is a germane reason to reject lay testimony).

Sisco waived any challenge to the ALJ's analysis of Dr. Linberg and Dr. Van Der Reis's opinions by failing to raise the issue at the district court. *See Greger*, 464 F.3d at 973.

Substantial evidence supports the ALJ's assessment of the residual functional capacity (RFC) and hypothetical to the vocational expert. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (RFC must include all limitations supported by the record).

**AFFIRMED.**